**BILL BEASLEY FARMS, INC., a Corporation, Plaintiff-Appellant.**

v.

**HUBBARD FARMS, a Corporation; Southland Broilers, Inc., a Corporation; and Ned Harrell, Defendant-Appellees.**

**No. 81–7503.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 17, 1983.

George E. Trawick, Ariton, Ala., Schwartz & Wilson, Herbert T. Schwartz, Gainesville, Fla., for plaintiff-appellant.

Pittman, Whittaker & Hooks, Joe S. Pittman, Enterprise, Ala., for Ned Harrell and Southland Broilers, Inc.

Ball, Ball, Duke & Matthews, Richard A. Ball, Jr., Montgomery, Ala., for Hubbard Farms.

Before HILL and CLARK, Circuit Judges, and SCOTT *, District Judge.

JAMES C. HILL, Circuit Judge:

Plaintiff-appellants are appealing the decision of the district court denying their motion for new trial. Appellants contend that the district court judge failed to give the appropriate jury instructions in that the instructions allegedly failed to clarify and delineate the proper parameters of the issues for the jury's consideration. For the reasons stated below we find the appellants arguments without merit and affirm the district court's holding.

## FACTS

Appellant, Beasley, was engaged in a poultry hatchery operation in Alabama. Beasley purchased cockerels, which are necessary for maintaining a hatchery, from one of the defendants-appellees, Hubbard Farms, Inc. It was Beasley's intent to expand his operation through forming an agricultural coop association, but still continue to purchase the necessary cockerels from Hubbard. Defendant Southland Broilers, Inc., is a large multi-faceted business also engaged in a hatchery operation, similar to Beasley's. Southland also purchased its cockerels from Hubbard Farms. Additionally, Southland had its own processing plant and marketing operations.

Although the facts are disputed, at some point in time Hubbard stopped selling its cockerels to Beasley, electing instead to sell its entire cockeral supply to Southland. Appellants allege that Hubbard's decision was a result of Southland and Hubbard conspiring to monopolize, in violation of 15 U.S.C. § 2.

Appellant's original complaint alleged a conspiracy to monopolize. At no time did appellant allege or plead anything other than a conspiracy to monopolize under § 2. However, at trial appellant consistently put forth evidence attempting to demonstrate that the defendants had conspired to destroy and eliminate the appellant as a competitor. Although this evidence is highly appropriate proof of a restraint of trade, a violation of 15 U.S.C. § 1, it is only circumstantial proof of a conspiracy to monopolize.

On appeal, appellant complains of certain instructions given to the jury touching upon the requisite intent and the use of circumstantial evidence in a civil antitrust conspiracy.

Having carefully reviewed the record, the instructions given were appropriate to a § 2 violation. Because appellant presented § 1 evidence, he urges contentions which could only be appropriate to a § 1 violation. Appellant, in his brief, consistently refers to the evidence presented demonstrating that the defendants "acted in concert to exclude Beasley from the market place," (Appellant's Brief at 8), and that "the defendant's

* Honorable Charles R. Scott, U.S. District Judge for the Middle District of Florida, sitting by designation.

purpose was to put Beasley out of business." *Id.* This was circumstantial evidence of a conspiracy to monopolize and was presented and instructed to the jury as such. However, this evidence would have been more effective had there been an allegation based upon § 1, rather than § 2.

Any instructions which may have been confusing were invited and caused by appellant's having alleged a § 2 violation, and presenting evidence for a § 1 violation. To the extent that certain instructions generously tended to authorize a finding for appellant if the evidence supported predatory activities cognizable under § 1, they were clearly not harmful, but rather, beneficial to the appellant. In fact, as a § 2 case, it is apparent that the evidence could not have supported a verdict in favor of the appellant, there having been no proof of a relevant market. In this circuit it is clear that relevant market is a necessary element of a conspiracy to monopolize. *Sulmeyer v. Coca Cola Co.,* 515 F.2d 835, 849 (5th Cir. 1975). We find no reversible error in the jury instructions and we

AFFIRM.