BESSER PUBLISHING CO., Plaintiff,

v.

PIONEER PRESS, INC., Defendant.

No. 83 C 189.

United States District Court,
N.D. Illinois, E.D.

June 3, 1983.

Paul E. Slater, Mitchell H. Macknin, Sperling, Slater & Spitz, P.C., Chicago, Ill., for plaintiff.

Thomas W. Johnston, Marsha K. Hoover and Alan I. Greene, Chadwell & Kayser, Chicago, Ill., for defendant.

## Memorandum

LEIGHTON, District Judge.

This action arises out of the purchase by defendant Pioneer Press of all of the assets of Pickwick Publishing Co., the owner and operator of a chain of suburban weekly newspapers. Plaintiff Besser Publishing owns and operates a suburban weekly which is distributed in Niles and Morton Grove. Besser alleges that defendant's acquisition of Pickwick violates Section 7 of the Clayton Act, 15 U.S.C. § 18; and that its sale of advertising at special rates violates Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2.

The cause is before the court on Pioneer's motion to dismiss or in the alternative for a more definite statement. Defendant contends that Besser has failed to adequately allege an essential element of its anti-trust claims—the relevant geographic and product markets. The court, having reviewed the complaint and the parties' submissions, agrees and accordingly, grants the motion to dismiss, with leave to amend.

Plaintiff's complaint is in three counts. Count I alleges discriminatory and predatory pricing in violation of Section 7 of the Clayton Act; Count II, that the acquisition unreasonably restrains competition in violation of Section 1 of the Sherman Act; Count III, that defendant has attempted to monopolize, conspired to monopolize and has monopolized the relevant market.

It is well established that a determination of the relevant product and geographic markets is essential to all but the claim of conspiracy to monopolize. *United States v. Marine Bancorporation,* 418 U.S. 602, 618, 94 S.Ct. 2856, 2868, 41 L.Ed.2d 978 (1974); *Brown Shoe Co. v. United States,* 370 U.S. 294, 324, 82 S.Ct. 1502, 1523, 8 L.Ed.2d 510 (1962); *Lektro-Vend Corp. v. Vendo Co.,* 660 F.2d 255, 268 (7th Cir.1981), *cert. denied,* 455 U.S. 921, 102 S.Ct. 1277, 71 L.Ed.2d 461 (1982); *Mullis v. Arco Petroleum Corp.,* 502 F.2d 290 (7th Cir.1974). However, it is not clear whether a relevant market definition is required for a conspiracy to monopolize claim. Plaintiff, citing *U.S. v. National City Lines,* 186 F.2d 562 (7th Cir.1951) and *Tire Sales Corp. v. Cities Service Oil Co.,* 410 F.Supp. 1222 (N.D.Ill. 1976), argues that it is not. But Judge Grady in *Tire Sales,* noted that the reasoning in *National City Lines* is troublesome, and only reluctantly followed its holding. *Tire Sales,* 410 F.Supp. at 1232. Further, at least one circuit has abandoned the distinction between a claim of conspiracy to monopolize and a claim of attempt to monopolize; it has required a market definition for both. *Bill Beasley Farms v. Hubbard Farms,* 695 F.2d 1341 (11th Cir.1983); *Sulmeyer v. Coca Cola Co.,* 515 F.2d 835 (5th Cir.1975), *cert. denied,* 424 U.S. 934, 96 S.Ct. 1148, 47 L.Ed.2d 341 (1976). In the present case, the conspiracy to monopolize claim is just a small subsection of plaintiff's Count III; it was not intended, in the court's view, to stand alone and cannot now be used by plaintiff to defeat the defendant's motion to dismiss.

The geographic market alleged by plaintiff is defined as the north, northwestern, and western suburbs of Chicago. Plaintiff argues that it is clear which suburbs are included in this definition. However, it is not clear to the court; and obviously, it is not clear to defendants exactly what areas the definition includes. The problem is further complicated by the fact that plaintiff's newspaper is distributed in only two northwestern suburbs. It is hard to see how plaintiff could be competing for advertising in all of the north, northwestern and western suburbs. Generalities such as "less-than-metropolitan area-wide market" are simply too vague to provide a sufficient definition of the relevant geographic markets involved in this case.

With respect to the product market, plaintiff alleges that it is the "market or

submarket for local and weekly print advertising". Defendant contends that the term "local" is unclear and susceptible to various interpretations. Plaintiff responds by stating that the meaning of local is obvious. Again, the court must note that while it is obvious to plaintiff, it remains unclear to the defendant. Local could mean advertising from local merchants or advertising aimed at local consumers. Defendant should not have to make assumptions regarding the meaning of definitions contained in plaintiff's complaint, particularly where, as here, the relevant market definitions are essential elements of plaintiff's claims. For these reasons, the motion to dismiss is granted. Plaintiff is given leave to file an amended complaint within 21 days.